## C. Heitmeyer, Appellee, v. Baltimore & Ohio Southwestern Railroad Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Clay county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 13, 1917.

### Statement of the Case.

Action by C. Heitmeyer, plaintiff, against the Baltimore & Ohio Southwestern Railroad Company, defendant, to recover for the negligent firing, and resulting destruction, of plaintiff's straw, hay, etc., from defendant's engine. From a judgment for plaintiff for $75, defendant appeals.

KRAMER, KRAMER & CAMPBELL and ROSE & McCOLLUM, for appellant; EDWARD BARTON, of counsel.

JAMES H. SMITH, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

Heitmeyer v. Baltimore & Ohio Southwestern R. Co., 206 Ill. App. 224.

## Abstract of the Decision.

1. TRIAL, § 195*—*when refusal to direct verdict for defendant is proper.* Where the evidence tended to sustain the averments of the declaration, refusal to direct a verdict for the defendant, *held* not erroneous.

2. RAILROADS, § 941*—*when instruction in action for allowing grass to accumulate on right of way and spreading of fire is erroneous.* An instruction, in an action against a railroad company charging negligence in allowing large quantities of dry grass to accumulate on its right of way, that same were ignited by fire from its engine and such fire spread to and destroyed plaintiff's straw, hay, etc., that if the jury believe from the evidence that the plaintiff sustained damage defendant would be liable for such damage and that they should add thereto plaintiff's reasonable solicitor's fees, *held* erroneous, in omitting to submit the question of defendant's liability under the pleadings to the jury, and in directing the addition of such fees, as plaintiff would not be entitled to such fees unless he showed defendant had allowed accumulation of combustible material on its right of way, and that the fire complained of was set out on the right of way and by reason thereof spread to plaintiff's premises.

3. TRIAL, § 199*—*when direction of verdict is erroneous.* Where the evidence was conflicting upon a question of fact, an instruction directing a verdict is erroneous.

4. APPEAL AND ERROR, § 1628*—*when error in instruction not curable.* An instruction which was substantially erroneous in directing a verdict where the evidence was conflicting is not curable by other instructions.

5. RAILROADS, § 939*—*when contributory negligence in not fighting fire is question for jury.* Whether plaintiff, in an action against a railroad company for the negligent firing, and resulting destruction, of plaintiff's straw, hay, etc., from defendant's engine, was negligent in not fighting such fire, *held* a question for the jury.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.